UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60542-CIV-COHN/SELTZER

JEANNETTE ZARRA and MARK BEETZ,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

SUN SENTINEL COMPANY,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Sun Sentinel Company's Motion for Summary Judgment [DE 21], as well as four other related motions.[1] The Court has carefully reviewed the pending motions, the parties' briefs regarding the motions, and the parties' factual statements and record submissions, and the Court is otherwise fully advised in the premises.

**I.    Background**

    **A.    Material Facts**[2]

---

[1] The other pending motions are Plaintiffs' Opposed Motion to Facilitate Notice [DE 24], Plaintiffs' Cross-Motion for Summary Judgment [DE 27], Defendant's Motion to Strike Plaintiffs' Cross-Motion for Summary Judgment [DE 34], and Defendant's Motion for Leave to File a Surreply Brief in Opposition to Plaintiffs' Motion to Facilitate Notice [DE 35].

[2] The witnesses deposed in this case have submitted post-deposition affidavits or declarations addressing, in a summary fashion, certain key issues covered in their depositions. See DE 26-2 (Aff. of Mark Beetz); DE 26-3 (Aff. of Jeannette Zarra); DE 22-1 (Decl. of Manly Baker). These written statements are generally consistent with the witness's depositions. However, to the extent these statements conflict with the witnesses's specific deposition testimony, the Court will disregard the written statements. See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657

Defendant Sun Sentinel Company ("Sun Sentinel") publishes and distributes the major daily newspaper in Broward and Palm Beach counties. See DE 22 at 2, ¶ 3. Sun Sentinel employed Plaintiff Mark Beetz as a District Coordinator from March 5, 2012, to August 2, 2012. See id. at 2, ¶ 4. Plaintiff Jeannette Zarra worked as a District Coordinator for Sun Sentinel from 1996 to May 7, 2012. See id. at 2, ¶ 5.

Among other duties they performed as District Coordinators, Plaintiffs delivered newspapers to consumers (known as "throwing a route") whenever the circumstances required them to do so—for example, when there was no carrier assigned to a delivery route, when a carrier missed deliveries, or when a new carrier was in training. See DE 22 at 2, ¶ 7. Beetz testified that, on average, he delivered newspapers to consumers three to four times per week. See DE 22 at 3, ¶ 9. Zarra stated that she delivered newspapers to consumers an average of two times per week. See id. at 3, ¶ 10. Every time Zarra threw a route, she recorded her mileage in a log. See id. at 3, ¶ 11. The mileage logs produced by Zarra show that she delivered newspapers to subscribers and other consumers on numerous dates throughout the relevant years. See id. at 3-6, ¶ 11 & n.1.

The District Coordinator Position Description and Job Requirements Form specify route delivery as one of the responsibilities of a District Coordinator. See DE 22-4; DE 22-5. Further, these documents list the following job requirements involving the delivery of newspapers:

1. delivering non-contracted routes in the absence of a contracted independent carrier;

---

(11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

2

>   2. being responsible for delivery of replacement copies to subscribers;
>
>   3. having dependable transportation, a valid Florida driver's license, and current automobile insurance; and
>
>   4. being physically able to deliver newspapers within a geographic area.

See id.

Manly Baker, Sun Sentinel's Distribution Manager, testified that District Coordinators are not hired "[d]irectly" as newspaper delivery persons and that it was his "goal" to have independent delivery contractors covering all the routes. DE 26-1 at 40-41. Nevertheless, Manly stated that newspaper delivery is "a large part of [District Coordinators'] responsibility." Id. at 40.

Like other District Coordinators, Plaintiffs were paid a salary and did not receive overtime pay when they worked more than forty hours in a week. See DE 26 at 3, ¶ 5. Sun Sentinel classified District Coordinators as exempt employees for purposes of the Fair Labor Standards Act ("FLSA"). See DE 26-1 at 11-12.

### B. Procedural History

On March 27, 2012, Plaintiffs brought this action against Sun Sentinel. See DE 1. In their current Amended Complaint, Plaintiffs allege that Sun Sentinel improperly classified them as exempt employees and failed to pay them overtime wages as required by the FLSA. See DE 17; 29 U.S.C. § 207 (setting forth overtime compensation requirements for non-exempt employees). Moreover, Plaintiffs seek to represent a class of "all persons who were formerly or are currently employed by Defendant as District Coordinators, and who were paid in a similar manner as Plaintiffs, or who were so employed during the period of March 27, 2009 to the present." DE 17 at 2, ¶ 8; see 29 U.S.C. § 216(b) (authorizing collective actions by employees).

3

Sun Sentinel filed an Answer to the Amended Complaint, denying any liability to Plaintiffs and their proposed class. See DE 19. Sun Sentinel also pleaded several affirmative defenses, including that "Plaintiffs and any other similarly situated employees are engaged in the delivery of newspapers to consumers pursuant to 29 U.S.C. Section 213(d) and are therefore exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act." Id. at 11, ¶ 2.

On September 12, 2012, Sun Sentinel filed its present Motion for Summary Judgment ("Motion"). See DE 21; DE 23 (Mem. of Law). In the Motion, Sun Sentinel argues that Plaintiffs are not entitled to overtime wages because they fall within the FLSA's exemption for "employee[s] engaged in the delivery of newspapers to the consumer." 29 U.S.C. § 213(d). Plaintiffs oppose the Motion, claiming that this exemption does not apply to them. See DE 27.[3]

## II.     Discussion

### A.     Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

---

[3] As part of their Response to Sun Sentinel's Motion, Plaintiffs have filed a Cross-Motion for Summary Judgment. See DE 27. The Court agrees with Sun Sentinel, however, that Plaintiffs' Cross-Motion is untimely because it was filed two weeks after the September 14, 2012, deadline for dispositive pretrial motions. See DE 5 at 2, ¶ 5. And Plaintiffs have given no explanation for the untimely filing. In any event, for the reasons discussed herein, the record shows conclusively that Plaintiffs are covered by the FLSA's newspaper-delivery exemption. Accordingly, the Court denies Plaintiffs' Cross-Motion for Summary Judgment [DE 27] and denies as moot Defendant's Motion to Strike Plaintiffs' Cross-Motion for Summary Judgment [DE 34].

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must point out to the Court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577. If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  In making this determination, the Court must discern which issues are material:  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  Moreover, in deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B. Analysis of Defendant's Motion

Sun Sentinel moves for summary judgment on Plaintiffs' overtime-wage claims, asserting that Plaintiffs are covered by the FLSA's newspaper-delivery exemption as a matter of law.  As relevant here, the overtime provisions of the FLSA do "not apply with respect to any employee engaged in the delivery of newspapers to the consumer." 29 U.S.C. § 213(d).  A Department of Labor regulation indicates that this exemption applies only to employees who directly deliver newspapers to consumers:

> This provision applies to carriers engaged in making deliveries to the homes of subscribers or other consumers of newspapers (including shopping news).  It also includes employees engaged in the street sale or delivery of newspapers to the consumer.  However, employees engaged in hauling newspapers to drop stations, distributing centers, newsstands, etc., do not come within the exemption because they do not deliver to the consumer.

29 C.F.R. § 570.124.

FLSA exemptions are construed narrowly against the employer, which bears the burden of showing that an exemption applies.  See Walters v. Am. Coach Lines of Miami, Inc., 575 F.3d 1221, 1226 (11th Cir. 2009) (per curiam).  Still, the interpretation

6

of an FLSA exemption is guided by normal rules of statutory construction.  The Court's analysis "begin[s] with the plain language of the statute," viewed in the context of the statute as a whole.  Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1362 (11th Cir. 2008).  Only if the statutory language is ambiguous may the Court look beyond that language to other sources of interpretation.  See id.

Here, the parties dispute whether Plaintiffs were "engaged in" the delivery of newspapers to consumers.  29 U.S.C. § 213(d).  Plaintiffs argue that delivering newspapers was only a small part of a District Coordinator's job, which included many other responsibilities.  Sun Sentinel maintains that Plaintiffs regularly delivered newspapers to consumers—even if it was only one of their duties—and that this activity qualifies Plaintiffs for the statutory exemption.  The Court agrees with Sun Sentinel.

As used in § 213(d), the word "engage" means "[t]o employ or involve oneself; to take part in; to embark on."  Black's Law Dictionary 608 (9th ed. 2009); see American Heritage Dictionary 591 (5th ed. 2011) (defining "engage" as "[t]o involve oneself or become occupied; participate").  This definition indicates an employee is "engaged in" a particular activity if he participates in that activity in any substantial way.  See Louis-Charles v. Sun-Sentinel Co., 595 F. Supp. 2d 1304, 1307 (S.D. Fla. 2008) (interpreting newspaper-delivery exemption and finding, based on similar definitions, that "a minimal amount of participation is required to constitute 'engaging in' an activity").  Under this interpretation, Plaintiffs are subject to the § 213(d) exemption if they had any regular involvement in delivering newspapers to consumers.

Louis-Charles—another FLSA case brought by a Sun Sentinel District Coordinator—supports this view of the newspaper-delivery exemption.  There, Judge Ryskamp explained that the term "engaged in" appears in other parts of the FLSA and

7

is construed broadly.  See id. at 1307-08.  For example, Judge Ryskamp observed that for purposes of FLSA coverage, an employee is considered "engaged in commerce or in the production of goods for commerce" if that activity is "regular and recurring" even though "small in amount."  Id. at 1307 (quoting 29 C.F.R. § 776.3).  Judge Ryskamp further noted that in contrast to other exemptions requiring the exempt activity to be an employee's "primary duty," see, e.g., 29 C.F.R. § 541.700, the newspaper-delivery exemption requires only that an employee be "engaged in" that work.  See Louis-Charles, 595 F. Supp. 2d at 1308-09; see also 29 U.S.C. § 213(a)(6), (b)(10) (requiring employees to be "principally engaged" or "primarily engaged" in certain exempt activities).  Based on this statutory context, as well as the ordinary meaning of "engaged in," Judge Ryskamp determined that "so long as the employee has consistent time performing the exempt duty, he is exempt from the provisions of the FLSA."  Louis-Charles, 595 F. Supp. 2d at 1309.

This Court agrees with the reasoning of Louis-Charles and similarly concludes that an employee is "engaged in the delivery of newspapers to the consumer" if he performs that task with some regularity, even if it represents only a small portion of his overall work.  Moreover, it is clear that Plaintiffs meet this standard here.  Although their newspaper deliveries varied over time, on average, Beetz delivered papers to consumers three to four times per week, and Zarra made deliveries to consumers two times per week.  Zarra's mileage logs, the written job requirements for District Coordinators, and Baker's testimony further confirm that consumer deliveries were a regular part of Plaintiffs' work for Sun Sentinel.  See Louis-Charles, 595 F. Supp. 2d at 1309-10 (concluding, based on similar evidence, that plaintiff's deliveries to consumers were "regular and recurring" and therefore plaintiff was exempt as a matter of law).

8

Because the record shows conclusively that Plaintiffs are covered by the newspaper-delivery exemption, they are not subject to the FLSA's overtime-wage requirements. See 29 U.S.C. § 213(d).  Sun Sentinel is therefore entitled to summary judgment.[4]

**III.     Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Sun Sentinel Company's Motion for Summary Judgment [DE 21] is **GRANTED**;

2. Plaintiffs' Opposed Motion to Facilitate Notice [DE 24] is **DENIED as moot**;

3. Plaintiffs' Cross-Motion for Summary Judgment [DE 27] is **DENIED**;

4. Defendant's Motion to Strike Plaintiffs' Cross-Motion for Summary Judgment [DE 34] is **DENIED as moot**;

5. Defendant's Motion for Leave to File a Surreply Brief in Opposition to Plaintiffs' Motion to Facilitate Notice [DE 35] is **DENIED as moot**;

6. The calendar call scheduled for November 8, 2012, is **CANCELLED**, and the case is removed from the Court's November 12, 2012, trial calendar; and

7. The Court will enter a separate Final Judgment in this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of October, 2012.

*(signature)*
JAMES I. COHN
United States District Judge

---

[4] Given the entry of summary judgment against Plaintiffs, the Court need not consider Plaintiffs' request to certify a class of similarly situated individuals.  Thus, the Court denies as moot Plaintiffs' Opposed Motion to Facilitate Notice [DE 24], as well as Defendant's Motion for Leave to File a Surreply Brief in Opposition to Plaintiffs' Motion to Facilitate Notice [DE 35].

Copies to:

Counsel of record via CM/ECF