UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60542-CIV-COHN/SELTZER

JEANNETTE ZARRA and MARK BEETZ,
on behalf of themselves and all others
similarly situated,

       Plaintiffs,

v.

SUN SENTINEL COMPANY,

       Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendant Sun Sentinel Company's Motion for Costs [DE 40] ("Motion"). The Court has carefully reviewed the Motion, Plaintiffs' Response [DE 41], and the record in this case, and the Court is otherwise fully advised in the premises.

### I.    Background

Defendant Sun Sentinel Company moves to tax costs against Plaintiffs Jeannette Zarra and Mark Beetz following this Court's entry of summary judgment in favor of Defendant. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); S.D. Fla. L.R. 7.3(c). The requested costs, totaling $3,847.52, include charges associated with deposition transcripts and fees paid to the Clerk of Court. Although Plaintiffs do not dispute that Defendant is generally entitled to recover costs, Plaintiffs object to some of the deposition costs sought by Defendant. Further, based on their limited financial resources, Plaintiffs ask the Court to waive or reduce any award of costs.

**II.     Discussion**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.[1]  Here, because the Court granted summary judgment to Defendant, it is the prevailing party and is entitled to recover taxable costs as allowed by § 1920.  The Court will address each category of costs sought by Defendant, as well as Plaintiffs' request to waive or reduce any taxable costs.

**A.     Deposition Charges**

Defendant first seeks to recover $3,697.52 in costs associated with five depositions taken in this case.  See DE 40-3 at 2-12.  Section 1920 permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Defendant maintains that all five depositions were necessary for its defense of this action, and Plaintiffs do not contend otherwise.  Therefore, the necessary charges associated with these depositions are taxable.[2]  See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (indicating that the cost of a deposition is taxable if it was "related to an issue which was present in the case at the time the deposition was taken" (internal quotation marks omitted)).

---

[1] Section 1920 provides that the following costs are taxable:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.

[2] Except for the charges that Plaintiffs specifically contest, they do not challenge the necessity or reasonableness of the requested deposition costs.

Plaintiffs, however, dispute certain additional charges for shipping of deposition transcripts and exhibits and for digital copies of those documents. In general, Plaintiffs maintain that these services were not necessary but were instead incurred merely for defense counsel's convenience. The Court finds Plaintiffs' objections well-taken. Unless shown to be necessary, optional deposition costs such as shipping and digital copies are not recoverable under 28 U.S.C. § 1920(2). See Davis v. United States, No. 08-81447-CIV, 2010 WL 3835613, at *4-*5 (S.D. Fla. Sept. 7, 2010); Univ. of Miami v. Intuitive Surgical, Inc., No. 04-20409-CIV, 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007). Because Defendant has not explained why the disputed charges were necessary rather than just convenient, those costs are not taxable against Plaintiffs. Accordingly, the Court will deduct a total of $121.67 from the requested deposition costs of $3,697.52, awarding Defendant $3,575.85 in deposition costs.

### B.     Fees for *Pro Hac Vice* Motions

Defendant also seeks reimbursement of $150.00 in fees paid to the Clerk of Court for two *pro hac vice* applications filed by Defendant's out-of-state attorneys. See DE 40-4 at 2-3. Defendant asserts that these costs are taxable as "[f]ees of the clerk" under 28 U.S.C. § 1920(1). Although Plaintiffs do not object to these fees, the Court finds that they are not taxable and thus declines to award them to Defendant. As other courts have recognized, "the *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk." Exhibit Icons, LLC v. XP Cos., LLC, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) (collecting cases); see also Covington v. Ariz. Beverage Co., No. 08-21894-CIV, 2011 WL 810592, at *3-*4 (S.D. Fla. Jan. 25, 2011) (following

Exhibit Icons and holding that "*pro hac vice* fees are not recoverable under Section 1920"). More, even though "competent in-state attorneys were available," Defendant chose to retain two out-of-state lawyers to help defend it in this case. Exhibit Icons, 2009 WL 3877667, at *1. It would be unfair for Plaintiffs to "bear a cost resulting from" that choice. Id. For these reasons, Defendant may not recover the $150.00 in fees for counsel's *pro hac vice* applications.

### C.      Financial Waiver or Reduction

Both Plaintiffs request that the Court waive or reduce the award of costs due to Plaintiffs' "poor financial condition." DE 41 at 5. Specifically, Plaintiffs contend that their households are "operating in a deficit" and that "the taxable costs Defendant is seeking will place an additional strain on [Plaintiffs'] finances." Id. at 6-7. In support of this claim, Plaintiffs have submitted affidavits detailing their household income and expenses. See id. at 10-17.

The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc). For the court to consider the non-prevailing party's financial situation in assessing costs, that party must present "substantial documentation of a true inability to pay." Id. In other words, there must be "clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered." Id. Further, the court may not take into account "the relative wealth of the parties." Id. And even in the "rare circumstances" where the non-prevailing party's financial condition is considered, "a court may not decline to award any costs at all." Id.

4

After closely reviewing Plaintiffs' financial affidavits, the Court declines to reduce the taxable costs awarded herein. While Plaintiffs' evidence indicates that it will be difficult for Plaintiffs to pay these costs, that evidence does not clearly prove the "true inability to pay" or "dire financial circumstances" necessary for a reduction of costs. Chapman, 229 F.3d at 1039. The Court therefore denies Plaintiffs' request for this relief. See George v. Fla. Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *8 (S.D. Fla. May 23, 2008) (denying request to reduce taxable costs where non-prevailing party had "demonstrated some hardship in paying costs" but had not "shown 'clear proof' of the type of 'dire financial circumstances' required by the Eleventh Circuit").[3]

## III.   Conclusion

For the reasons discussed, it is **ORDERED AND ADJUDGED** that Defendant Sun Sentinel Company's Motion for Costs [DE 40] is hereby **GRANTED IN PART and DENIED IN PART**. Defendant Sun Sentinel Company shall recover total costs of $3,575.85 from Plaintiffs Jeannette Zarra and Mark Beetz. The Court will enter a separate Final Judgment regarding these costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of February, 2013.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

---

[3] Of course, this ruling does not prevent Defendant, if it so chooses, from deferring execution of the judgment awarding costs or from otherwise working with Plaintiffs to establish a plan for satisfying that judgment.